IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RYAN ANTHNONY BROCATO #250800, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:21-CV-20-WHA |
| ) | (WO) |
| ) | |
| ALABAMA BUREAU OF PARDONS ) | |
| AND PAROLES, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The instant 42 U.S.C. § 1983 action is before the court on a complaint filed by Plaintiff, an indigent inmate currently confined at the Limestone Correctional Facility. In the complaint, Plaintiff seeks to challenge the decision of the Alabama Bureau of Pardons and Paroles in December of 2020 to deny him parole. Doc. 1 at 3. After a thorough review of the complaint, the undersigned deemed it necessary that Plaintiff file an amended complaint due to several deficiencies in the complaint and entered an order providing him an opportunity to do so. Doc. 4  In this order, the undersigned explained the deficiencies in detail and set forth distinct instructions with respect to filing the amended complaint. Doc. 4 at 1–6. This order also specifically cautioned Plaintiff that his failure to file an amended complaint in compliance with its directives would result in a Recommendation that this case be dismissed. Doc. 4 at 6.

The time allowed Plaintiff to file the amended complaint expired on February 4, 2021. Doc. 4 at 5. As of the present date, Plaintiff has failed to file an amended complaint as required by this order. In light of Plaintiff's failure to file the requisite amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file an amended complaint as ordered by this court.

On or before **March 16, 2021**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of March, 2021.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE